# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| ANGELA SALINAS, Administrator of the Estate of Emma Salinas, <br> Plaintiff, <br><br> v. <br><br> JAMILA HODGE and FRED GRANT, <br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CAUSE NO.: 2:18-CV-374-JTM-JEM |

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Expedited Discovery [DE 8], filed December 4, 2018. Plaintiff requests permission to serve a subpoena to obtain information related to the case prior to Defendants responding to the Complaint.

Plaintiff alleges that Defendants, a foster parent and an Indiana Department of Child Services-approved babysitter, were responsible for the personal injury of a minor, leading to her death. Defendants have been served with the Complaint, but neither has appeared or answered. Plaintiff requests leave to serve a subpoena on DCS to obtain records about the fostering relationship and any reports or investigations relevant to the childcare relationship underlying this dispute.

The Federal Rules of Civil Procedure generally prohibit discovery from occurring before the parties conduct a Rule 26(f) conference, but the Court may enter an order allowing early discovery if there is good cause for the request. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order."); *see also Orlando v. CFS Bancorp, Inc.*, No. 2:13-CV-261 JD, 2013 WL 12329547, at *1 (N.D. Ind. Oct. 10, 2013) ("A party seeking expedited discovery prior to a Rule 26(f) planning conference must establish good cause for his request."). "[D]eciding whether to permit expedited discovery and the

1

scope of any expedited discovery depends on the facts and circumstances of the particular matter, and a demonstration why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court." *Orlando*, 2013 WL 12329547, at *1 (citing *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, No. 1:10-cv-01718-SEB-DML, 2011 WL 130098, at *3 (S.D. Ind. 2011)).

Plaintiff asserts that she needs the discovery to timely determine whether additional defendants should be added to the case. She represents that Defendant Hodge was in jail on the charge of murdering Emma Salinas at the time the Complaint was served on him, so it is not apparent whether a Rule 26 planning conference will be possible in the near future, and that the burden on DCS should be minimal, since Plaintiff is merely seeking the files on Defendants. The Court concludes that the scope of the requested discovery is limited, is unlikely to create an excessive burden on DCS, and is needed in an expedited manner because of the circumstances of this case, and it is not available from any other source. If DCS objects to the subpoena, it can file a properly-supported motion to quash.

For the reasons above, the Court **GRANTS** Plaintiff's Motion for Expedited Discovery [DE 8]. Plaintiff may serve a subpoena on Indiana Department of Child Services as described in the Motion, along with a copy of this Order.

SO ORDERED this 12th day of December, 2018.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record