UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANGELA SALINAS, Administrator of the Estate of Emma Salinas,<br>Plaintiff,<br><br>v.<br><br>JAMILA HODGE and FRED GRANT,<br>Defendants. | CAUSE NO.: 2:18-CV-374-JTM-JEM |

## OPINION AND ORDER and
## PROTECTIVE ORDER

This matter is before the Court on Indiana Department of Child Services Motion for *In-Camera* Inspection of Records in Response to Plaintiff Subpoena for Production of Confidential Records [DE 16], filed by non-party Indiana Department of Child Services (DCS) on February 26, 2019. DCS requests that the Court review the records requested by Plaintiff's subpoena to determine whether disclosure is necessary and includes the records under seal for the Court's review. On February 28, 2019, Plaintiff filed a response requesting that the Court find that the documents should be disclosed to Plaintiff.

On December 12, 2018, the Court granted Plaintiff's Motion for Expedited Discovery, permitting Plaintiff to serve a subpoena on DCS to obtain records about the fostering relationship and any reports or investigations relevant to the childcare relationship underlying this dispute. Plaintiff served the subpoena on December 14, 2018, and DCS now requests that the Court review the responsive records to determine whether they can or should be provided to Plaintiff.

The Indiana Code restricts the provision of records regarding children placed in foster care to certain persons, including

> [a] court, for redaction of the record in accordance with section 1.5 of this chapter, or upon the court's finding that access to the records may be necessary for determination of an issue before the court. However, except for disclosure of a redacted record in accordance with section 1.5 of this chapter, access is limited to in camera inspection unless the court determines that public disclosure of the information contained in the records is necessary for the resolution of an issue then pending before the court.

Ind. Code § 31-33-18-2(9). Pursuant to this provision, DCS requests that the Court review the records it has deemed responsive to the subpoena in order to determine whether they must be disclosed to Plaintiff.

Upon review of the records, the Court determines that they are responsive to the subpoena and relevant to the determination of an issue currently pending in this case: whether there are other entities Plaintiff should seek to add as party defendants in this case. *See, e.g., Orlando v. CFS Bancorp, Inc.*, No. 2:13-CV-261 JD, 2013 WL 12329547, at *1 (N.D. Ind. Oct. 10, 2013) ("[T]he scope of any expedited discovery depends on the facts and circumstances of the particular matter, and a demonstration why the requested discovery, on an expedited basis, is appropriate for the fair adjudication of issues before the court." (citing *Roche Diagnostics Corp. v. Medical Automation Systems, Inc.*, No. 1:10-cv-01718-SEB-DML, 2011 WL 130098, at *3 (S.D. Ind. 2011)). However, the Court also finds that certain identifying information in the documents should be redacted before they are provided to Plaintiff, and that the documents should not be made public at this time. In particular, the Court concludes that the documents should be provided only to counsel for Plaintiff, who may not share them with anyone else at this time, and that the following information should be redacted from the documents: identity of reporters; names, addresses, birth days and months of minors who are not the child in this case; and names, addresses, and phone numbers of parents/guardians other than those who are parties in this case. This protective order may be

revisited by the parties and subpoena respondents, as appropriate, and may be modified by the Court upon motion from the parties.

Accordingly, the Court hereby **GRANTS** the Indiana Department of Child Services Motion for *In-Camera* Inspection of Records in Response to Plaintiff Subpoena for Production of Confidential Records [DE 16], and, after *in camera* inspection of the documents, **ORDERS** that they be produced to counsel for Plaintiff, subject to the protective order expressed herein.

SO ORDERED this 13th day of March, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record
      Indiana Department of Child Services, Attorney Alejandro Rosillo